**EXHIBIT "A"**

Electronically Filed by Superior Court of California, County of Orange, 11/22/2021 01:10:49 PM.
30-2021-01232913-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1   Humberto M. Guizar, Esq., (SBN 125769)
      hguizar@ghclegal.com
2   Kent M. Henderson, Esq., (SBN 139530)
      hendolaw@gmail.com
3   Angel Carrazco, Esq., (SBN 230845)
      angel@carrazcolawapc.com
4   Christian Contreras, Esq., (SBN 330269)
      ccontreras@ghclegal.com
5   **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
    3500 W. Beverly Blvd.,
6   Montebello, California 90640
    Telephone: (323) 725-1151
7   Facsimile: (323) 597-0101

8   Attorneys for Plaintiff,
    TOBIAH STEINMETZ
9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                          **COUNTY OF ORANGE**

                                                    Assigned for All Purposes
12                                                  Judge Deborah Servino

13  TOBIAH STEINMETZ, an individual,    )   **CASE NO.:** 30-2021-01232913-CU-CR-CJC
                                        )
14          Plaintiff,                  )   **COMPLAINT FOR DAMAGES**
                                        )
15          v.                          )   1. Unreasonable Search and
                                        )      Seizure—Excessive Force and Denial
16  CITY OF LAGUNA BEACH, a legal       )      of Medical Care
    subdivision of the State of California; )    (42 U.S.C. § 1983);
17  RYAN RADEL, an individual; and DOES )   2. Substantive Due Process
    1 through 10, inclusive,            )      (42 U.S.C. § 1983);
18                                      )
                                        )   3. Municipal Liability for
19          Defendants.                 )      Ratification (42 U.S.C. § 1983);
                                        )
20                                      )   4. Municipal Liability for
                                        )      Unconstitutional Custom, Practice,
21  _____ )       or Policy (42 U.S.C. § 1983);
22                                          5. Battery;
23                                          6. Negligence;
24                                          7. Intentional Infliction of Emotional
                                               Distress;
25                                          8. Violation of Section 52.1 of The
26                                             California Civil Code (Tom Bane Act
                                               Violation)
27
                                            **DEMAND FOR JURY TRIAL**
28

                                    1
               **PLAINTIFF'S COMPLAINT FOR DAMAGES**

**COMPLAINT FOR DAMAGES**

1.      Plaintiff TOBIAH STEINMETZ individually (hereinafter sometimes "STEINMETZ"), in his Complaint against Defendants, CITY OF LAGUNA BEACH (hereinafter also sometimes referred to as "CITY"), RYAN RADEL (hereinafter also sometimes referred to as "RADEL") and DOES 1 through 10, inclusive.

2.      This action seeks compensatory and punitive damages from individual police officers, from senior police department officials, and from the CITY OF LAGUNA BEACH for violations of state law and fundamental rights under the United States Constitution in connection with the brutal police shooting of TOBIAH STEINMETZ on March 11, 2021 when TOBIAH STEINMETZ was shot by Defendants, RYAN RADEL and DOES 1 through 10, inclusive.

**PARTIES**

3.      At all relevant times, TOBIAH STEINMETZ was a resident of the state of Florida.

4.      Defendant CITY OF LAGUNA BEACH is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the CITY OF LAGUNA BEACH POLICE DEPARTMENT (hereinafter "LBPD"), and its agents and employees. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the LBPD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

5.      On information and belief, at all relevant times, Defendants RYAN RADEL, and Does 1 Through 10, inclusive, were residents of Orange County, California. Defendants RYAN RADEL, and Does 1 through 10, are sued herein in their individual and/or representative capacity and/or in their capacity as employees and agents of Defendant CITY.

6.    At all relevant times, Defendant RYAN RADEL, and Does 1 Through 10 were employees of the LBPD and Defendant CITY. At all times relevant, Defendants RADEL, and each of the defendants Does 1 Through 10 were an employee and/or agent of defendant CITY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and the LBPD, as well as under the color of the statutes and regulations of the State of California.

7.    At all relevant times, Defendants RYAN RADEL, and each of the Defendant's Does 1 Through 10 were acting within his or her capacity as an employee, agent, representative and/or servant of CITY.

8.    Defendants RYAN RADEL and Does 1 Through 5 are sued in their individual capacities for damages only.

9.    At all relevant times, Defendants RYAN RADEL, and Does 1 Through 10, inclusive, were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as officers and law enforcement agents and with the complete authority and ratification of their principal, Defendant CITY.

10.    In doing the acts and failing and omitting to act as hereinafter described, Defendants RYAN RADEL, and Does 1 Through 10 were acting on the implied and actual permission and consent of CITY.

11.    The true names of defendants Does 1 Through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12.    At all times relevant to the facts alleged herein, Defendants RYAN RADEL, including Does are duly appointed, qualified and acting officers, employees, and/or agents of CITY and LBPD, employed as such by Defendants, and acting within the course and

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   scope of their employment and/or agency and under color of state law. Each of the

2   Defendants and Doe Defendants caused and is responsible for the unlawful conduct and

3   resulting by, inter alia, personally participating in the conduct, or acting jointly and in

4   concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or

5   failing to take action to prevent the unlawful conduct by promulgating or failing to

6   promulgate policies and procedures pursuant to which the unlawful conduct occurred; by

7   failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain

8   adequate supervision, security, training, compliance with responsibilities and duties, and

9   staffing; by failing to maintain proper and adequate policies, procedures and protocols; and

10  by ratifying and condoning the unlawful conduct performed by agents and officers,

11  deputies, and employees under their direction and control.

12        13.    Each of the Defendants caused and is responsible for the unlawful conduct

13  and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in

14  concert with others who did so; by authorizing, acquiescing or failing to take action to

15  prevent the unlawful conduct; by promulgating policies and procedures pursuant to which

16  the unlawful conduct occurred; by failing and refusing, with deliberate indifference to

17  Plaintiff's rights, to initiate and maintain adequate supervision and/or training; and, by

18  ratifying the unlawful conduct that occurred by agents and peace officers under their

19  direction and control. Whenever and wherever reference is made in this Complaint to any

20  act by a Defendant, such allegation and reference shall also be deemed to mean the acts and

21  failures to act of each Defendant individually, joint, and severally. They are sued in their

22  individual and official capacities and in some manner are responsible for the acts and

23  omissions alleged herein. Plaintiff will ask leave of this Court to amend this Complaint to

24  allege such name and responsibility when that information is ascertained.   Each of

25  Defendants is the agent of the other and the actions of each of the Defendants were ratified

26  by the other Defendants.

27  ///

28  ///

1      14.    Whenever and wherever reference is made in this Complaint to any act by

2  Defendants and Doe Defendants, such allegations and references shall also be deemed to

3  mean the acts and failures to act of each Defendants individually, jointly or severally.

4                            **JURISDICTION AND VENUE**

5      15.    This action is properly filed in the Orange County Superior Court, as it is a

6  wrongful police shooting case and seeks remedies under state law for the wrongful shooting

7  of Plaintiff. Furthermore, this civil action is brought by Plaintiff for the redress of alleged

8  depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988,

9  the Fourth and Fourteenth Amendment of the United States Constitution, and the California

10  Constitution.

11      16.    Venue is proper in this Court because defendants reside in, and in all

12  incidents, events, and occurrences giving rise to this action occurred in, the County of

13  Orange, California.

14      17.    Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov.

15  Code § 910 *et seq*., and this action is timely filed within all applicable statutes of limitations.

16                            **FACTUAL ALLEGATIONS**

17      18.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs

18  of this Complaint with same force and effect as if fully set forth herein.

19      19.    On March 11, 2021 at approximately 6:00 P.M., Plaintiff STEINMETZ was

20  operating a vehicle in the City of Laguna Beach.

21      20.    Upon information and belief, CITY of LAGUNA BEACH officers attempted

22  to pull over Plaintiff STEINMETZ. Upon information and belief, when CITY of LAGUNA

23  BEACH officers attempted to pull over Plaintiff STEINMETZ, there was no report of a

24  serious crime and there was no serious on-going crime.

25      21.    Plaintiff STEINMETZ did not immediately yield when CITY of LAGUNA

26  BEACH officers attempted to pull over Plaintiff STEINMETZ.

27      22.    Plaintiff STEINMETZ was unarmed throughout and not threatening the

28  officers nor the public with a firearm or weapon.

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

23. Eventually, Plaintiff STEINMETZ stopped his vehicle. As Plaintiff STEINMETZ was exiting his vehicle, Defendant RADEL used deadly and lethal force upon Plaintiff STEINMETZ.

24. Plaintiff STEINMETZ was not armed with any weapon whatsoever. In fact, Plaintiff STEINMETZ did not aim or threaten any weapon at Defendant RADEL nor anyone else, including any other CITY officer.

25. Clearly, Plaintiff STEINMETZ was not presenting an imminent threat of death or serious bodily injury to Defendant RADEL when Defendant RADEL used deadly force on Plaintiff STEINMETZ.

26. Despite Plaintiff STEINMETZ not presenting an imminent threat of death or serious bodily injury to Defendant RADEL, nor anyone else, Defendant RADEL fired multiple deadly rounds at Plaintiff STEINMETZ while Plaintiff STEINMETZ was exiting the vehicle unarmed.

27. Upon information and belief, Defendants RADEL, and Does 1 through 10, inclusive, did not warn Plaintiff that they were about to shoot him.

28. Plaintiff STEINMETZ was shot multiple times. Fortunately, Plaintiff STEINMETZ survived the deadly encounter but was in critical condition at a nearby hospital.

29. Plaintiff STEINMETZ suffered serious medical complications as a result of the deadly encounter with CITY officers and Defendant RADEL. Plaintiff STEINMETZ suffered permanent physical injuries in addition to psychosocial injuries. In fact, Plaintiff STEINMETZ's intestines and other organs had to be removed after surgery as a result of the Defendant RADEL's wrongful use of lethal force on Plaintiff STEINMETZ.

30. Plaintiff STEINMETZ continues to suffer from medical complication as a result of the wrongful March 11, 2021 shooting.

31. As a result of DEFENDANTS' conduct, stated above, Plaintiff is entitled to damages.

///

32. The conduct of Defendants RADEL, and Does 1 through 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against each and every aforementioned Defendant.

## FIRST CAUSE OF ACTION

**UNREASONABLE SEARCH AND SEIZURE — UNREASONABLE AND/OR**

**EXCESSIVE FORCE & DENIAL OF MEDICAL CARE**

**(42 U.S.C. § 1983)**

**(By Plaintiff against Defendant RADEL, and Does 1 through 10, inclusive)**

33. Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

34. The shooting of STEINMETZ by Defendants RADEL, and Does 1 through 10, inclusive deprived STEINMETZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to STEINMETZ under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. On March 11, 2021, Defendants RADEL, and Does 1 through 10, inclusive, acting in their individual and/or representative capacity, in the course and scope of his employment with LBPD, acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of STEINMETZ when they shot STEINMETZ multiple times who did not present an imminent threat of death or serious bodily injury. Clearly, the deadly force used by Defendants RADEL, and Does 1 through 10, inclusive, was objectively unreasonable and therefore in violation of the Fourth Amendment thereby imposing liability by and through 42 USC Section 1983.

36. The foundation of the Fourth Amendment is reasonableness. The deadly force DEFENDANTS used on STEINMETZ was fundamentally unreasonable and in violation of STEINMETZ's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

1    37.    By virtue of their misconduct, Defendants RADEL, and Does 1 through 10,
2    inclusive are liable for the tragic shooting of STEINMETZ either because these Defendants
3    were integral participants in the use of deadly and excessive force, or because they failed to
4    intervene to prevent these violations.

5    38.    Furthermore, Defendants RADEL, and Does 1 through 10, inclusive knew
6    that failure to provide timely medical treatment to STEINMETZ could result in further
7    significant injury or the unnecessary and wanton infliction of pain, but nevertheless
8    disregarded his serious medical needs, causing him great bodily harm, physical and
9    emotional pain and suffering, and additional medical complication which could have been
10   prevented but for the denial of medical treatment.

11   39.    Accordingly, this use of deadly force by Defendants was excessive and
12   objectively unreasonable under the circumstances. Defendants' actions thus deprived
13   STEINMETZ of his right to be free from unreasonable searches and seizures under the
14   Fourth Amendment and applied to state actors by the Fourteenth Amendment.

15   40.    The conduct of Defendants RADEL, and Does 1 through 10, inclusive was
16   willful, wanton, malicious, and done with reckless disregard for the rights and safety of
17   STEINMETZ and therefore warrants the imposition of exemplary and punitive damages as
18   to Defendants RADEL, and Does 1 through 10, inclusive.

19                              **SECOND CAUSE OF ACTION**

20              **VIOLATION OF SUBSTANTIVE DUE PROCESS**

21                              **(42 U.S.C. § 1983)**

22   **(By Plaintiff against Defendant RADEL, and Does 1 through 10, inclusive)**

23   41.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs
24   of this Complaint with same force and effect as if fully set forth herein.

25   42.    STEINMETZ has a cognizable interest under the Due Process Clause of the
26   Fourteenth Amendment of the United States Constitution to be free from state actions that
27   would deprive him of life, liberty, or property in such a manner as to shock the conscience
28   by being deliberately indifferent to the constitutional rights of the STEINMETZ and/or by

1   being a purpose to harm unrelated to any legitimate law enforcement objective.

2       43.    The actions of D Defendants RADEL, and Does 1 through 10, inclusive,

3   along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth

4   Amendment, shocked the conscience, and interfered with the familial relationship of

5   STEINMETZ in that said Defendants had time to deliberate and then used deadly force that

6   shocks the conscience and with a purpose to harm unrelated to any legitimate law

7   enforcement objective in violation of 42 U.S.C. Section 1983 in violation of the

8   constitutional rights of STEINMETZ.

9       44.    Defendants RADEL, and Does 1 through 10, inclusive, thus violated the

10   substantive due process rights of Plaintiff STEINMETZ to be free from unwarranted state

11   action which deprives STEINMETZ of his rights as guaranteed by the Constitution.

12       45.    As a direct and proximate result of the actions of Defendants, Plaintiff

13   STEINMETZ, suffered severe injuries, including lifelong medical complications, medical

14   expenses, loss of earning capacity, loss waged, pain and suffering, and all other damages

15   allowed under federal and state law.

16       46.    The conduct of Defendants RADEL, and Does 1 through 10, inclusive, was

17   willful, wanton, malicious, and done with reckless disregard for the rights and safety of

18   STEINMETZ and Plaintiff and therefore warrants the imposition of exemplary and punitive

19   damages as to Defendants RADEL, and Does 1 through 10, inclusive.

20                   **THIRD CAUSE OF ACTION**

21         **MUNICIPAL LIABILITY FOR RATIFICATION**

22                         **(42 U.S.C. § 1983)**

23           **(By Plaintiff Against CITY, and does 6-10)**

24       47.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs

25   of this Complaint with same force and effect as if fully set forth herein

26       48.    Defendants RADEL, and Does 1 through 10, inclusive acted under color of

27   law.

28   ///

49.     The acts of the individual defendants deprived STEINMETZ and Plaintiff of their particular rights under the United States Constitution.

50.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual defendants, ratified the acts of the defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

51.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual defendants were "within policy."

52.     Accordingly, Defendants CITY, and Does 6 through 10, inclusive each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

### MUNICIPAL LIABILITY

### FOR UNCONSTITUTIONAL CUSTOM OR POLICY

### (42 U.S.C. § 1983)

### (By Plaintiff Against CITY, and does 6-10)

53.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein

54.     On information and belief, Defendants RADEL, and Does 1 through 10, inclusive, unjustified shooting of STEINMETZ was found to be within LAGUNA BEACH POLICE DEPARTMENT policy.

55.     On information and belief, Defendants RADEL, and Does 1 through 10, inclusive, unjustified shooting of STEINMETZ was ratified by CITY OF LAGUNA BEACH supervisorial officers.

56.     On information and belief, Defendants RADEL, and Does 1 through 10, inclusive were not disciplined for the unjustified shooting of STEINMETZ.

57.     On and for some time prior to March 11, 2021 (and continuing to the present date), Defendants CITY and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   and Plaintiff, and of persons in their class, situation and comparable position in particular,

2   knowingly maintained, enforced and applied an official recognized custom, policy, and

3   practice of:

4       A. Permitting a policy, whether expressly or impliedly, which permits CITY

5           officers to use deadly force on individuals after a police pursuit wherein

6           individuals do not present an imminent threat of death or serious bodily

7           injury;

8       B. Permitting a policy, whether expressly or impliedly, wherein individual

9           involved in police pursuits are subjected to different treatment including

10          constitutional violations;

11      C. Permitting a policy, whether expressly or impliedly, where CITY officers

12          escalate a police pursuit as opposed to deescalate a police pursuit;

13      D. Permitting a policy, whether expressly or impliedly, to use deadly force on

14          individuals involved in a police pursuit as opposed to containing the police

15          pursuit;

16      E. Employing and retaining as police officers and other personnel, including

17          Defendants RADEL, and Does 1 through 10, inclusive, whom Defendants

18          CITY and Does 6-10 at all times material herein knew or reasonably should

19          have known had dangerous propensities for abusing their authority and for

20          mistreating citizens by failing to follow written LBPD policies, including the

21          use of excessive force;

22      F. Of inadequately supervising, training, controlling, assigning, and disciplining

23          CITY employees and other personnel, including Defendants RADEL, whom

24          Defendants CITY and Does 6-10 knew or in the exercise of reasonable care

25          should have known had the aforementioned propensities and character traits,

26          including the propensity for violence and the use of excessive force;

27      G. By maintaining grossly inadequate procedures for reporting, supervising,

28          investigating, reviewing, disciplining and controlling the intentional

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    misconduct by Defendants RADEL, and Does 1 through 10, inclusive, who

2    are police officers and/or agents of CITY;

3    H. By failing to discipline CITY police officers' and/or agents' conduct,

4    including but not limited to, unlawful detention and excessive force;

5    I. By ratifying the intentional misconduct of Defendants RADEL, and Does 1

6    through 10, inclusive, and other CITY police officers' and/ or agents, who are

7    CITY police officers and/or agents of CITY;

8    J. By having and maintaining an unconstitutional policy, custom, and practice

9    of detaining and arresting individuals without probable cause or reasonable

10    suspicion, and using excessive force, including deadly force, which also is

11    demonstrated by inadequate training regarding these subjects. The policies,

12    customs, and practices of Defendants CITY and Does 6-10 were maintained

13    with a deliberate indifference to individuals' safety and rights; and

14    K. By failing to properly investigate claims of unlawful detention and excessive

15    force by CITY police officers.

16    58.    By reason of the aforementioned policies and practices of Defendants CITY

17    and DOES 6-10, STEINMETZ was severely injured and subjected to pain and suffering

18    and ultimately, was subjected to permanent physical injuries.

19    59.    The aforementioned policies and practices of Defendants, including the

20    custom, policy and practice of Defendant CITY in allowing its peace officers to use

21    unjustified, excessive and unreasonable deadly force in shooting unarmed persons who had

22    fired no shots with no punishment for the involved peace officers was a moving force that

23    caused Defendants RADEL, and Does 1 through 10, inclusive, to use unreasonable deadly

24    force on STEINMETZ, who was also unarmed and fired no shots at Defendants nor

25    otherwise, presented an imminent danger to Defendants or others.

26    60.    Defendants CITY and DOES 6-10, together with various other officials,

27    whether named or unnamed, had either actual or constructive knowledge of the deficient

28    policies, practices and customs alleged in the paragraphs above. Despite having knowledge

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   as stated above, these defendants condoned, tolerated and through actions and inactions

2   thereby ratified such policies. Said defendants also acted with deliberate indifference to the

3   foreseeable effects and consequences of these policies with respect to the constitutional

4   rights of STEINMETZ, Plaintiff, and other individuals similarly situated.

5       61.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct

6   and other wrongful acts, Defendants Does 6-10 acted with intentional, reckless, and callous

7   disregard for the life of STEINMETZ and Plaintiff's constitutional rights. Furthermore, the

8   policies, practices, and customs implemented, maintained, and still tolerated by Defendants

9   CITY and Does 6-10 were affirmatively linked to and were a significantly influential force

10  behind the injuries of STEINMETZ and Plaintiff.

11      62.   The actions of each of Defendants Does 1-10 were willful, wanton,

12  oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any

13  person of normal sensibilities, and therefore warrants the imposition of exemplary and

14  punitive damages as to Defendants Does 1-10.

15      63.   By reason of the aforementioned acts and omissions of Defendants CITY and

16  Does 1-10, Plaintiff was caused to incur damages as stated elsewhere herein.

17      64.   Accordingly, Defendants CITY and Does 1-10 each are liable to Plaintiff for

18  compensatory damages under 42 U.S.C. § 1983.

19      65.   Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and

20  to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42

21  U.S.C. Section 1988.

22              **FIFTH CAUSE OF ACTION**

23                  **BATTERY**

24     **(Cal. Govt. Code §815; 820 and California Common Law)**

25              **(By Plaintiff Against All Defendants)**

26      66.   Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs

27  of this Complaint with same force and effect as if fully set forth herein.

28  ///

67.     Defendants RADEL, and Does 1 through 10, inclusive,, while working as peace officers for CITY OF LAGUNA BEACH, and acting within the course and scope of their duties, intentionally shot STEINMETZ. Defendants RADEL, and Does 1 through 10, inclusive, had no legal justification for using force against STEINMETZ and the use of force was excessive and unreasonable.

68.     At all times herein mentioned, law enforcement officers in California were only allowed to use necessary force reasonable force in response to an imminent threat of death or serious bodily injury, to effect an arrest, prevent escape or overcome resistance. Defendants RADEL, and Does 1 through 10, inclusive, committed an unconsented touching of STEINMETZ and battered him when they used unreasonable and excessive deadly force when they shot STEINMETZ.

69.     CITY OF LAGUNA BEACH is vicariously liable for the wrongful acts of Defendants RADEL, and Does 1 through 10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

70.     The conduct of Defendants RADEL, and Does 1 through 10, inclusive, and was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling STEINMETZ to an award of exemplary and punitive damages as to Defendants RADEL and DOES 1 through 10, inclusive.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

**(By Plaintiff against All Defendants)**

71.     Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

72.     Plaintiff ISAIAS CERVANTES is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants RADEL, and including DOES 1 through 10, inclusive, and each of them, owed a duty of care to all reasonably foreseeable

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   people, including Plaintiff, to carry out their law enforcement duties in a reasonable manner,

2   including the use of any firearms or the use of any force whatsoever.

3      73.   Plaintiff STEINMETZ is further informed, believes, and thereon alleges that

4   at all times relevant and mentioned herein, Defendants RADEL, including DOES 1 through

5   10, inclusive, and each of them, breached their duty of care when they carelessly and

6   negligently carried out their law enforcement duties. Indeed, particularly Defendant

7   RADEL used his firearm, deadly force, in a reckless way, and with willful and conscious

8   disregard, when he shot Plaintiff STEINMETZ who posed no threat of harm to defendants

9   and nor anyone else at the time he was shot. Such use of deadly force by Defendant RADEL

10   was clearly unreasonable, not warranted under the totality of the circumstances, and lead to

11   Defendant RADEL shooting and almost killing Plaintiff STEINMETZ.

12      74.   Furthermore, the actions and inactions of Defendants, including the actions

13   of Defendants RADEL, and Does 1 through 10, inclusive, were negligent and reckless. At

14   all times herein mentioned, among other things, Defendants RADEL, and Does 1 through

15   10, inclusive, owed a duty to follow California law that provides that "Law enforcement

16   personnel's tactical conduct and decisions preceding the use of deadly force are relevant

17   considerations under California law in determining whether the use of deadly force gives

18   rise to negligence liability. Such liability can arise, for example, if the tactical conduct and

19   decisions show, as part of the totality of circumstances, that the use of deadly force was

20   unreasonable." Defendants RADEL, and Does 1 through 10, inclusive, breached their duty

21   and were negligent and unreasonable in their actions and inactions which included but are

22   not limited to:

23      A. The failure to implement proper tactics prior to, during, and after the police

24         pursuit;

25      B. The failure to properly and adequately assess the need to detain, arrest, and use

26         force or deadly force against STEINMETZ;

27      C. The negligent tactics and handling of the situation with STEINMETZ, including

28         pre-shooting negligence;

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1       D. The failure to use alternative means to take into custody including, but not limited

2          to, time, space, verbalization, commands, hands on grappling, non-deadly impact

3          weapons, less-than-lethal weapons and less-than-lethal force;

4       E. The negligent detention, arrest, and use of force, including deadly force, against

5          STEINMETZ;

6       F. The failure to provide prompt medical care to STEINMETZ;

7       G. The failure to properly train and supervise employees, both professional and non-

8          professional, including Defendants RADEL, and DOES 1 through 10, inclusive,

9          including, but not limited to the failure to train to follow the LBPD Manual of

10         Policies and Procedures;

11      H. The failure to ensure that adequate numbers of employees with appropriate

12         education and training were available to meet the needs of and protect the rights

13         of STEINMETZ; and

14      I. The violation of Defendant LBPD Department Manual of Policies, Procedures

15         and training regarding police pursuits, tactics and use of force; violation of other

16         portions of the Manual, tactics and training and the failure to follow Police

17         Officer Standards and Training (POST) guidelines and learning domains in

18         regards to foot pursuits, tactics and use of force.

19       75.    As a direct and proximate result of Defendants' conduct as alleged above, and

20  other undiscovered negligent conduct, STEINMETZ was caused to suffer severe pain and

21  suffering, lost earning capacity and permanent physical injuries.

22       76.    The CITY OF LAGUNA BEACH is vicariously liable for the wrongful acts

23  of Defendants RADEL, and Does 1 through 10, inclusive,, pursuant to sections 815.2(a)

24  and 820 of the California Government Code, which provides that a public entity is liable

25  for the injuries caused by its employees within the scope of the employment if the

26  employee's act would subject him or her to liability.

27       77.    The conduct of Defendants RADEL, and Does 1 through 10, inclusive, was

28  malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights

1    of STEINMETZ, entitling Plaintiff, to an award of exemplary and punitive damages as to

2    individual Defendants RADEL, and Does 1 through 10, inclusive.

### SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff Against all Defendants)

6        78.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs

7    of this Complaint with same force and effect as if fully set forth herein.

8        79.    This cause of action as to the CITY is brought pursuant to section 820 and

9    815.2 of the Government Code. Pursuant to section 820 of the California Government Code,

10    as a public employee, Defendants RADEL, Does 1-10, inclusive, are liable for injuries

11    caused by their acts or omissions to the same extent as a private person.

12        80.    Plaintiff STEINMETZ is informed, believes, and thereon alleges that at all

13    times relevant and mentioned herein, on March 11, 2021, Defendants RADEL, Does 1-10,

14    inclusive, shot and almost killed STEINMETZ, who was unarmed and not presenting an

15    imminent threat of death or serious bodily injury.

16        81.    The aforementioned conduct of Defendants RADEL, Does 1-10, inclusive,

17    including the unlawful shooting, was clearly outrageous because it was so extreme and

18    exceeded all bounds of that usually tolerated in a civilized community

19        82.    Defendants RADEL, Does 1-10, inclusive intended to cause STEINMETZ

20    emotional distress.

21        83.    At the very least, Defendants RADEL, Does 1-10, inclusive acted with

22    reckless disregard of the probability that Plaintiffs would suffer emotional distress.

23        84.    Indeed, Plaintiff suffered severe emotional distress.

24        85.    The conduct of Defendants RADEL, Does 1-10, inclusive, was a substantial

25    factor in causing Plaintiff's severe emotional distress.

26        86.    As a proximate result of the aforementioned acts of Defendants, and each of

27    them, Plaintiffs suffered damage in a sum according to proof, and is entitled to the general,

28    special and exemplary damages.

1    87.    Defendant CITY is vicariously liable for the wrongful acts of DOES 1-10

2    pursuant to section 815.2 of the California Government Code, which provides that a public

3    entity is liable for the injuries caused by its employees within the scope of the employment

4    if the employee's act would subject him or her to liability.

5                                    **EIGHTH CAUSE OF ACTION**

6                    **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

7                                    **(Tom Bane Act Violations)**

8                              **(By Plaintiff against All Defendants)**

9    88.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs

10   of this Complaint with same force and effect as if fully set forth herein.

11   89.    This action is brought pursuant to section 52.1 of the California Civil Code.

12   The present action is also brought pursuant to section 820 and 815.2 of the Government

13   Code. Pursuant to section 820 of the California Government Code, as a public employee,

14   Defendants RADEL, and Does 1 through 10, inclusive,, are liable for injuries caused by

15   their acts or omissions to the same extent as a private person.

16   90.    At all times mentioned herein, Defendants RADEL, and Does 1 through 10,

17   inclusive,  were acting within the course and scope of their employment and/or agency with

18   Defendant CITY OF LAGUNA BEACH. As such Defendant CITY OF LAGUNA BEACH

19   is liable in respondent superior for the injuries caused by the acts and omissions of

20   Defendants RADEL, and Does 1 through 10, inclusive, pursuant to section 815.2 of the

21   California Government Code.

22   91.    STEINMETZ was subjected to excessive force by Defendants RADEL, and

23   Does 1 through 10, inclusive, in the form of gunshots fired by said defendants which struck

24   STEINMETZ and caused him serious personal injuries. The shooting was unreasonable and

25   unwarranted as the circumstances under which the shooting occurred did not require the use

26   of any force whatsoever. As an unreasonable use of force, the shooting constituted a

27   violation of STEINMETZ constitutional rights against unreasonable searches and seizures

28   protected by the Constitution of the State of California.

1    92.    Plaintiff STEINMETZ is informed, believes, and thereon alleges that at all

2    times relevant and mentioned herein, Defendants RADEL, and Does 1-10, inclusive,

3    intentionally interfered by threats, intimidation and/or coercion, with the exercise and

4    enjoyment by Plaintiff STEINMETZ of his rights secured by the California Constitution

5    and laws of the State of California, including interference with his rights to be secure in his

6    person and free from the use of excessive force, unreasonable harassment or detention

7    without reasonable suspicion and probable cause, and the right of protection from bodily

8    restraint and harm.

9    93.    At the very least, STEINMETZ is further informed, believes, and thereon

10   alleges that at all times relevant and mentioned herein, Defendants RADEL, and Does 1-

11   10, inclusive, attempted to intentionally interfered by threats, intimidation and/or coercion,

12   with the exercise and enjoyment by Plaintiff STEINMETZ of his rights secured by the

13   California Constitution and laws of the State of California, including interference with his

14   rights to be secure in his person and free from the use of excessive force, unreasonable

15   harassment or detention without reasonable suspicion and probable cause, and the right of

16   protection from bodily restraint and harm.

17   94.    Plaintiff STEINMETZ is further informed, believes, and thereon alleges that

18   at all times relevant and mentioned herein, Defendants RADEL, and Does 1-10, inclusive,

19   made threats of violence against Plaintiff STEINMETZ, causing him to reasonably believe

20   that if he exercised his rights guaranteed to him by the Constitution of the State of

21   California, and under Civil Code section 52.1, including, but not limited to, his right to be

22   secure in his person and free from the use of excessive force, the right of protection from

23   bodily restraint and harm, unreasonable harassment or detention without reasonable

24   suspicion and probable cause, the right to due process, and equal protection, defendants,

25   including DOES 1 through 10, inclusive, would commit violence against him and/or his

26   property. Furthermore, Defendants, and each of them, had the apparent ability to carry out

27   these threats.

28   ///

Exhibit "A"                    Page 19 of 25

1    95.    Plaintiff STEINMETZ is further informed, believes, and thereon alleges that
2  at all times relevant and mentioned herein, Defendants RADEL, and Does 1-10, inclusive
3  acted violently against Plaintiff TEINMETZ, for the purpose of preventing him from
4  exercising his rights guaranteed to him by the Constitution of the State of California, the
5  laws of the State of California, and under Civil Code section 52.1, including, but not limited,
6  his right to be secure in his person and free from the use of excessive force, the right of
7  protection from bodily restraint and harm, the right to due process, and equal protection.
8  Furthermore, plaintiffs are informed, believe, and thereon allege that at all times relevant
9  and mentioned herein, defendants, including DOES 1 through 50, inclusive, acted violently
10  against plaintiff ISAIAS CERVANTES, for having exercised his aforementioned rights.

11    96.    All of the above acts and omissions of Defendants RADEL, and Does 1
12  through 10, inclusive, were willful, wanton, malicious and oppressive thereby justifying the
13  awarding of exemplary and punitive damages to Plaintiff as to said defendants.

14    97.    As a proximate result of the acts of Defendants RADEL, and Does 1 through
15  10, inclusive, STEINMETZ suffered multiple gunshot wounds which caused him severe
16  injuries from which he eventually died.

17    98.    The above acts of defendants violated STEINMETZ'S civil rights as
18  protected by section 52.1 of the Civil Code.

19    99.    As such, STEINMETZ is entitled to compensatory damages according to
20  proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary
21  damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by
22  the Civil Code section 51.7 and 52, and any other additional relief that the court deems
23  proper.

24                          **PRAYER FOR RELIEF**

25    WHEREFORE, Plaintiff requests entry of judgment in their favor and against
26  Defendants as follows:

27    A. For general damages in the amount to be proven at trial;

28    B. For special damages in an amount to be proven at trial;

1    C. For exemplary and punitive damages in an amount to be proven at trial;

2    D. For Attorney's Fees pursuant to 42 USC 1988 and the Tom Bane Act;

3    E. For interest;

4    F. For costs of suit herein incurred; and

5    G. For such other and further relief as the court deems proper.

6    Respectfully Submitted,

7    Dated: November 21, 2021         **GUIZAR, HENDERSON & CARRAZCO, LLP**

8

9                                      By:

10                                     HUMBERTO GUIZAR
                                       CHRISTIAN CONTRERAS
11                                     Attorneys for Plaintiff

12

13                          **DEMAND FOR JURY TRIAL**

14       Plaintiff hereby demand a trial by jury.

15   Dated: November 21, 2021         **GUIZAR, HENDERSON & CARRAZCO, LLP**

16

17                                     By:

18                                     HUMBERTO GUIZAR
                                       CHRISTIAN CONTRERAS
19                                     Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

                                   21
                    **PLAINTIFF'S COMPLAINT FOR DAMAGES**

Electronically Filed by Superior Court of California, County of Orange, 11/22/2021 01:10:49 PM.
30-2021-01232913-CU-CR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Court, Deputy Clerk.

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Christian Contreras (SBN 330269)<br>GUIZAR, HENDERSON & CARRAZCO, LLP<br>3500 W. Beverly Boulevard, Montebello, Ca 90640 | | *FOR COURT USE ONLY* |
| TELEPHONE NO.: (323) 725-1151     FAX NO. *(Optional):* | | |
| ATTORNEY FOR *(Name):* Plaintiff, TOBIAH STEINMETZ | | |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** |
| STREET ADDRESS: 700 Civic Center Drive West |
| MAILING ADDRESS: 700 Civic Center Drive West |
| CITY AND ZIP CODE: SANTA ANA, 92701 |
| BRANCH NAME: CENTRAL JUSTICE CENTER |

| |
|---|
| CASE NAME:<br>TOBIAH STEINMETZ v. CITY OF LAGUNA BEACH, et al. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01232913-CU-CR-CJC |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Deborah Servino<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [x] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve             courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence             court
                                                          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 21, 2021
Christian Contreras, Esq.                                                    ▶ _____
_____                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
  Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Exhibit "A"                                    Page 23 of 25

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF: Tobiah Steinmetz | **Nov 24, 2021** |
| DEFENDANT: City of Laguna Beach et.al. | Clerk of the Court |
| Short Title: STEINMETZ VS. CITY OF LAGUNA BEACH | By: Katie Trent, Deputy |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01232913-CU-CR-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/29/2022</u> at <u>09:00:00 AM</u> in Department <u>C21</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: _Katie Trent_____ , Deputy

NOTICE OF HEARING                                                    Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br><br>Central Justice Center<br>700 W. Civic Center DRIVE<br>Santa Ana 92701 | |
|---|---|
| **SHORT TITLE:** STEINMETZ VS. CITY OF LAGUNA BEACH | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>**30-2021-01232913-CU-CR-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>11/24/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>11/29/2021</u>.

Clerk of the Court, by: _Katie Trent_____ , Deputy

GUIZAR, HENDERSON & CARRAZCO, L.L.P.
3500 W BEVERLY BOULEVARD
MONTEBELLO, CA 90640

Exhibit "A"        Page 25 of 25